UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PETER SOUMPHONPHAKDY,   Case No. 20-cv-1140

        Plaintiff,

vs.

EPIC MOTORSPORTS, INC.,

        Defendant.

## COMPLAINT

NOW COMES, Plaintiff Peter Soumphonphakdy, by and through his attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendant Epic Motorsports, Inc., and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

#### Nature of the Action

1. This lawsuit arises from illegal credit reporting and collection attempts.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") and Wis. Stat. 995.50.

#### Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4.      This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5.      This Court has supplemental jurisdiction over the claims arising under Wisconsin law under 28 U.S.C. § 1367, because those claims are related to the FCRA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside.  Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**Parties**

7.      Plaintiff Peter Soumphonphakdy (hereinafter "Plaintiff") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

8.      Defendant Epic Motorsports, Inc., (hereinafter "Defendant") is a corporation with a place of business at 9739 Farragut Street, Rosemont, IL 60018. Defendant's registered agent is Rory Sperling, 411 Winston Lane, Deerfield, IL 60015.

**Factual Allegations**

9.      In the year prior to this case, Plaintiff checked his credit report and learned that Defendant had submitted pulled his credit report.

10.     The actions of Defendant in pulling Plaintiff's credit was done without Plaintiff's permission or any permissible purpose.

11.     In fact, Defendant knew it had no permissible, valid, or legal basis to pull Plaintiff's credit.

12. Prior to the impermissible pulling of his credit, Plaintiff had visited Defendant's place of business to purchase a vehicle. Plaintiff paid cash for the vehicle, informed Defendant he was paying cash, and never filled out or otherwise authorized Defendant to pull his credit.

### Count 1 – Violations of the Fair Credit Reporting Act

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Defendant violated 15 U.S.C. § 1681b(f) by failing to have a permissible purpose as defined by 15 U.S.C. § 1681(b)(a) when it obtained a copy of Plaintiff's credit report.

15. As a result of Defendant ADT's impermissible request of the credit report, the Plaintiff has suffered actual damages, including (but not limited to) emotional distress, pursuant to 15 U.S.C. §§ 1681o(a)(1).

16. Because Defendant's action of pulling the report was done in express contradiction to their promise and agreement not to pull Plaintiff's credit in this manner, the action was willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

17. Plaintiff is also entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### Count 2 – Invasion of Privacy

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff has a right of privacy in Wisconsin as recognized in Wis. Stat. § 995.50.

20. Defendant invaded the private credit records of Plaintiff by obtaining a copy of his credit report and sending it to entities when they were prohibited from doing so.

21. Defendant's conduct unreasonably invaded Plaintiff's right to privacy and caused him damages including emotional distress.

22. Plaintiff is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount of attorney's fees pursuant to Wis. Stat. § 995.50.

## **Trial by Jury**

23. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1) against Defendant;
B. Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a) against Defendant;
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against Defendant;
D. Equitable relief to prevent and restrain further invasion, compensatory damages, and reasonable attorney's fees pursuant to Wis. Stat. § 995.50; and
E. For such other and further relief as may be just and proper.

Dated this 27th day of July, 2020.

/s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive., Suite 109
Brookfield, WI 53005
Phone: (414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Peter Soumphonphakdy, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*Peter Soumphonphakdy*
Peter Soumphonphakdy (Jul 27, 2020 08:32 CDT)

Peter Soumphonphakdy